IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MOHAMMED ALI LITON,**

      Plaintiff,

v.                                        Civil Action No. **3:15CV68**

**MR. RAMOS,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on May 13, 2015, this Court dismissed the action without prejudice because Plaintiff failed to return a consent to collection of fees form and did not pay the statutory filing fee within the time required by the Memorandum Order entered on March 16, 2015.

On June 12, 2015, the Court received from Plaintiff a letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Rule 59(e) Motion," ECF No. 10).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff states: "I think I followed the direction that the Court sent me attached and highlighted area. . . . I thought if I can't pay why I need sign for payment arrangement. And that's why I filed for in forma pauperis." (Rule 59(e) Mot. 1 (capitalization corrected)). Plaintiff requests that he be allowed to

send in the consent to collection of fees form or resubmit his Complaint. Plaintiff fails to demonstrate that the Court committed a clear error of law or that reopening the case would prevent manifest injustice. Nor does Plaintiff demonstrate any other basis for granting Rule 59(e) relief.[1] Accordingly, Plaintiff's Rule 59(e) Motion will be denied.

Nevertheless, the Court will direct the Clerk to refile Plaintiff's complaint as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-17-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).